UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4286 PA (RZx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | Colleen Hamil v. DePuy Orthopaedics, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants DePuy Orthopaedics, Inc., DePuy, Inc., Johnson & Johnson, and Johnson & Johnson Services, Inc. (collectively, "Defendants"). Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Colleen Hamil ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

**I.    Legal Standard: Removal & Fraudulent Joinder**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4286 PA (RZx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | Colleen Hamil v. DePuy Orthopaedics, Inc., et al. | | |

"[A] professional corporation is to be treated like other corporations for purposes of determining the presence or absence of diversity jurisdiction." Cote v. Wadel, 796 F.2d 981, 983 (7th Cir. 1986).

For purposes of diversity, the citizenships of the parties are as follows: Plaintiff is a citizen of California; DePuy Orthopaedics, Inc. is a citizen of Indiana; Johnson & Johnson, and Johnson & Johnson Services, Inc. are citizens of New Jersey; and defendant Thomas P. Schmalzried, M.D., a Professional Corporation ("Dr. Schmalzried") is a citizen of California. (See Notice of Removal at 3-4; Compl. at 1-2.)

Because Dr. Schmalzried is a citizen of California, there is no complete diversity of citizenship. Furthermore, even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Although Defendants acknowledge in their Notice of Removal that Dr. Schmalzried is a citizen of California, they maintain that his citizenship should be ignored because he has been fraudulently joined. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

**II.   Analysis**

Plaintiff is the recipient of a hip implant (the "Pinnacle Hip") manufactured by Defendants. She alleges that she has suffered debilitating injury due to defects in the design and manufacture of the Pinnacle Hip. In particular, Plaintiff asserts claims against Dr. Schmalzried, a California citizen, for (1) strict products liability (failure to warn) and (2) negligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4286 PA (RZx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | Colleen Hamil v. DePuy Orthopaedics, Inc., et al. | | |

Defendants contend that Dr. Schmalzried may not be found liable under California state law because (1) the asserted claims are preempted when brought against non-manufacturers of an FDA-approved product; (2) no California court would impose strict liability on Dr. Schmalzried as a matter of California tort law; and (3) the negligence claim against Dr. Schmalzried fails because Plaintiff cannot establish that Dr. Schmalzried owed any independent duty to her.

The Court finds that Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on any of her claims against Dr. Schmalzried.

A.      Federal Preemption

Defendants first argue that Plaintiff's claims premised on a failure to warn are preempted pursuant to PLIVA, Inc. v. Mensing, 131 S. Ct. 2567, 180 L. Ed. 2d 580 (2011). In Mensing, the U.S. Supreme Court held that because generic manufacturers of pharmaceuticals approved by the Food and Drug Administration ("FDA") have no power to effectuate unilaterally a label change – being instead required by law to use the same label and warnings as those approved by the FDA with respect to the brand-name version of the drug – the plaintiffs' state law claims premised on a failure to warn theory were preempted. Defendants seek to extend the holding of Mensing well beyond generic manufacturers of pharmaceuticals, to designers of medical products who allegedly played an integral role in the marketing of the product. Defendants have cited no case law making such a leap, and the Court has found none. Moreover, the theory of Plaintiff's Complaint, fairly read, is that Dr. Schmalzried, as designer of the Pinnacle Hip, failed to warn users *and* Defendant's [personal physician of known risks of the design. Unlike the generic drug manufacturers in Mensing, "taking [Plaintiff's] allegations as a whole and resolving all ambiguities in Plaintiff's favor, it is possible that Dr. Schmalzried had a substantial ability to influence the manufacturing or distribution of the Pinnacle Hip." Shelton v. DePuy Orthopaedics, Inc., 2011 U.S. Dist. LEXIS 138246, at *9-11 (C.D. Cal. Dec. 1, 2011) (remanding for no fraudulent joinder under California law). Thus, Dr. Schmalzried's control over the content of the warnings is qualitatively different from that of the generic manufacturers in Mensing, who by law were required to duplicate the warnings already approved by the FDA. No such obligation, however, is placed by law on Dr. Schmalzried. Thus, Plaintiff's claims against Dr. Schmalzried are not preempted pursuant to Mensing.

B.      Strict Products Liability

Under California law, strict products liability "extends to nonmanufacturing parties outside the vertical chain of distribution of a product, which play an integral role in the 'producing and marketing enterprise' of a defective product and who profit from placing the product into the stream of commerce." Bay Summit Cmty. Ass'n v. Shell Oil Co., 51 Cal. App. 4th 762, 773, 59 Cal. Rptr. 2d 322 (1996) (quoting Kasel v. Remington Arms Co., 24 Cal. App. 3d 711, 724, 101 Cal. Rptr. 314 (1972)). "In applying this stream of commerce theory, the courts have eschewed legal labels and have taken a very

Case 3:13-cv-02735-K   Document 9   Filed 06/18/13   Page 4 of 5   PageID 251

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4286 PA (RZx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | Colleen Hamil v. DePuy Orthopaedics, Inc., et al. | | |

practical approach, focusing on the actual connection between the defendant's activities and the defective product." Bay Summit, 51 Cal. App. 4th at 774.

Specifically, California courts have held a defendant involved in the marketing/distribution process "strictly liable if three factors are present: (1) the defendant received a direct financial benefit from its activities and from the sale of the product; (2) the defendant's role was integral to the business enterprise such that the defendant's conduct was a necessary factor in bringing the product to the initial consumer market; and (3) the defendant had control over, or a substantial ability to influence, the manufacturing or distribution process." Id. at 776.

The Complaint alleges that Dr. Schmalzried "designed the hip implant that is the subject of this lawsuit[, and . . . ] in his role as a 'product champion' for the Pinnacle Hip, Dr. Schmalzried . . . made representations to orthopedic surgeons . . . that the Pinnacle Hip was safe and effective." (Compl. ¶ 9.) Moreover, Defendants submit a declaration by Dr. Schmalzried in which he confirms that he played at least a direct consulting role in the development and marketing of the Pinnacle Hip. (See Notice of Removal, Ex. 1 (Declaration of Dr. Schmalzried) ¶¶ 3-4 ("I was one of eight surgeons selected by DePuy who provided assistance to DePuy with the design of the Pinnacle [Hip.] . . . [I also contributed to a sales] brochure [by providing] a general education summary (including references to thirty four scientific and medical articles as support for the data in this summary)[.]").) Construing these allegations and facts in the light most favorable to Plaintiff, a trier of fact could find that Dr. Schmalzried benefitted financially from his role in the design and marketing of the Pinnacle Hip, that his representations and input were integral to bringing the product to the consumer market, and that he had an ability to influence to manufacturing or distribution process. Accord Shelton v. DePuy Orthopaedics, Inc., 2011 U.S. Dist. LEXIS 138246, at *10-11 (C.D. Cal. Dec. 1, 2011) ("Finally, taking these allegations as a whole and resolving all ambiguities in [p]laintiff's favor, it is possible that Dr. Schmalzried had a substantial ability to influence the manufacturing or distribution of the Pinnacle Hip. Dr. Schmalzried allegedly played an important role in the design and promotion of the product, as evidenced by his significant involvement in promotional materials and substantial royalty payments.").

Defendants submit a declaration from Dr. Schmalzried stating that he was merely one of eight physicians who acted as consultants in the design process. If true, this might affect whether Dr. Schmalzried may be held liable to Plaintiff under California law. It is not the role of this Court, however, to resolve factual disputes of this nature when determining the propriety of removal. It is enough that the Complaint itself plausibly alleges that Dr. Schmalzried designed the Pinnacle Hip and failed to adequately warn of defects in that design. Accordingly, Defendants have failed to meet their burden to demonstrate that Dr. Schmalzried is fraudulently joined.

C.   Amount in Controversy Requirement

Further, Defendants have not met their burden to establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4286 PA (RZx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | Colleen Hamil v. DePuy Orthopaedics, Inc., et al. | | |

a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090–91. "[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint is silent as to the amount of damages Plaintiff seeks. Therefore, it is incumbent on Defendants to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied. Id. Defendants have not met their burden. The Notice of Removal asserts that the jurisdictional threshold has been met because "it is widely recognized that personal-injury claims facially meet the $75,000 jurisdictional threshold," and "other courts have similarly concluded that the amount in controversy exceeded $75,000 in pharmaceutical cases." (Notice of Removal ¶¶ 31-32.)

However, Defendants' attempt to use evidence of jury verdicts in other cases is not sufficient to establish the requisite amount in controversy by a preponderance of the evidence. In particular, Defendants do not explain how the facts of this case are factually similar to the cases it cites in support of this contention. Instead, Defendants simply cite, without explanation, to two pharmaceutical drug cases that have little relevance to the case here. (See Notice of Removal ¶ 33.) Accordingly, Defendants' attempt to use evidence of jury verdicts in other cases is not sufficient to establish the requisite amount in controversy by a preponderance of the evidence. See Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages.").

Accordingly, Defendants have failed to meet their burden on removal to demonstrate by a preponderance of the evidence that the amount in controversy requirement is met.

**Conclusion**

Accordingly, Defendants have not met their burden to establish this Court's jurisdiction. This action is hereby remanded to the Los Angeles County Superior Court, Case No. BC508537, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.